By the Court. Hoffman, J.
—The question as to the surety on the bond, the defendant Gurney is perfectly clear. *107 He covenanted to be responsible for the performance of a contract, which secured to his principal a fixed salary of four hundred dollars for the first three years, and five hundred dollars for the remaining two years, and bound him to serve the plaintiff and no one else. Without the sureties’ knowledge or consent this is changed into a contract, making the rate of compensation depend upon the quantity of work, rendering it wholly indefinite, making the term of service uncertain, and binding the principal to the commands of two other persons in connection with the plaintiff. Upon the settled law of principal and surety, this alteration discharged the latter. (Mc Williams v. Mason, 6 Duer, 276; The Northwestern R. R. Co. v. Whinray, 26 Eng. L. & Eq. 488, and cases cited,) is directly in point. And as to. Clarke, the principal in the bond, the plaintiff changed the agreement in most important particulars. He failed to perform his part of the contract. He gave new employers to the defendant. He varied the terms, and assented to the defendant’s laboring under such' new terms. At one time he relinquished all claim upon Clarke, telling him that he could not go on with the business; his means were locked up; that he could not give him work, and advised him to apply to the Smiths; that he must do the best he could for himself.
To hold this defendant liable for the liquidated damages on a penal bond, under such circumstances, would be unjust and unprecedented. (Parsons on Contracts, 190,191, note R and cases.)
1 The admission of evidence at the trial, which is the subject of some exceptions, was of testimony tending to show acts and declarations proving the fact of rescission or alteration ; not a variation of an existing agreement still executory, by means of parol evidence. None of the exceptions of the plaintiff can be sustained.
Judgment affirmed with costs.